IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AM/NS CALVERT LLC, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0310-WS-B |
| | ) |
| PSL, LTD., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for default judgment. (Doc. 16). The Court previously entered default against the defendant for failure to plead or otherwise defend after being properly served with process, (Docs. 14, 15), and the defendant therefore is not entitled to notice of the instant motion.[1]

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact .... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

---

[1] Fed. R. Civ. P. 5(a)(2); *Hartford Casualty Insurance Co. v. Jenkins*, 2009 WL 4898319 at *1 n.4 (S.D. Ala. 2009).

The amended complaint, (Doc. 10),[2] alleges that the defendant guarantied payment of its subsidiary's indebtedness to the plaintiff. The subsidiary failed to pay, and the entire indebtedness is presently due and owing. The amended complaint asserts a single count, for breach of contract under the guaranty.

The guaranty is governed by Alabama law. (Doc. 16-1 at 8). "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987). Moreover, "to recover under a … continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Id.*[3] The amended complaint alleges the existence of a guaranty, the subsidiary's default, and the defendant's failure to pay. It does not allege that notice was given the guarantor, but it does allege that all conditions to the defendant's performance have been satisfied. (Doc. 10 at 5).[4] These allegations actually state a cause of action, and the amended complaint contains a substantive, sufficient basis for the relief sought.

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A

---

[2] The amended complaint varies from the original complaint only in its more satisfactory pleading of the plaintiff's citizenship.

[3] A continuing guaranty is "a guaranty of future indebtedness uncertain as to amount or time." *Delro Industries*, 514 So. 2d at 979. The instant guaranty is a continuing guaranty. (Doc. 16-1 at 2-6).

[4] *See Sharer v. Bend Millwork Systems, Inc.*, 600 So. 2d 223, 225 (Ala. 1992) ("The language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it.") (applying the rule to a continuing guaranty).

court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Securities and Exchange Commission v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a guaranty to obtain payment of the subsidiary's indebtedness, and both the guaranty and the invoices reflecting the indebtedness, along with an affidavit establishing the amount of the indebtedness, have been submitted. As the record is sufficient to determine damages, and as the plaintiff does not request a hearing, none will be conducted.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed. R. Civ. P. 54(c). The amended complaint seeks recovery of $5,425,181.68, representing the subsidiary's indebtedness. (Doc. 10 at 3). The motion for default judgment seeks judgment in the amount of $4,818,712.12 in the same indebtedness. (Doc. 16 at 3).[5] The plaintiff's requested default judgment thus does not violate Rule 54(c).

---

[5] The lower figure results from a cash payment received by the plaintiff out of the subsidiary's bankruptcy, the net amount realized on the re-sale of product recaptured from the subsidiary, and other credits. (Doc. 16-1 at 4).

For the reasons set forth above, the plaintiff's motion for default judgment is **granted**. Final judgment in the amount of $4,818,712.12 shall be entered by separate order. Costs are taxed against the defendant.

DONE and ORDERED this 27th day of April, 2015.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE